# 0IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEREK RUIZ, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV-25-154-J |
| TIM CARTER,[1] | ) ) ) |
| Respondent. | ) ) |

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing *pro se*,[2] filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. 1).[3] United States District Judge Bernard M. Jones referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 3). Respondent moved to dismiss the Petition for failure to state a claim upon which relief can be granted, (Doc. 9), and Petitioner filed a letter which the Court construes as a response, (Doc. 10). For the reasons set forth below,

---

[1] Respondent identified Tim Carter as the Warden of FCI El Reno. (Doc. 9, at 6). Thus, he is the proper Respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement – 'core challenges' – the default rule is that the proper respondent is the warden of the facility where the prisoner is being held.").

[2] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But the court cannot serve as Petitioner's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[3] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

the undersigned finds that the Petition is a "mixed petition" and recommends that the Petition be **DISMISSED without prejudice**.

I.    **Petitioner's Claims and Respondent's Motion to Dismiss**

Petitioner's two grounds for relief stem from five disciplinary charges he received while in federal custody – Incident Nos. 3378055, 3806328, 3934241, 3991690, and 3992396. (Doc. 1, at 8). As a result of the findings of the disciplinary hearing officer, Petitioner lost 41 days of good conduct time for each offense. (*Id.*)

In Ground One, Petitioner asserts that for each proceeding, he was "physically incapable of identifying exculpatory witnesses" to testify in the hearings because of his placement in the Special Housing Unit. (*Id.* at 11). As a result, he contends he was denied the ability to have witnesses testify on his behalf. (*Id.*) Additionally, Petitioner contends he was denied an opportunity to present video and documentary evidence on his behalf. (*Id.*) Petitioner also asserts staff failed to conduct a mental health evaluation under 28 C.F.R. § 541.6 to determine his competency and responsibility. (*Id.*) And he asserts he was not provided with exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963). (*Id.*) Finally, he contends he was not offered or allowed any staff assistance on his appeal. (*Id.*) This, Petitioner asserts, violated his Fifth Amendment rights. (*Id.* at 8).

In Ground Two, Petitioner asserts that his "unit team staff increased [his] recidivism risk level from low to medium on the basis of" the five disciplinary charges. (*Id.*) He contends the modification of his risk level "diminished his statutory ability to accrue time" toward placement in a residential reentry center and home confinement as well as reductions in his term of supervised release. (*Id.* at 12). Petitioner also asserts his

recidivism level was raised from low to medium before his disciplinary decision in Incident No. 3934241 because his "unit team believed his conviction was 'inevitable.'" (*Id.*)  He asserts this change in recidivism level prior to disciplinary conviction is against Bureau of Prisons ("BOP") policy and the regulations implementing the First Step Act. (*Id.*)  This, he asserts, also violated his rights under the Fifth Amendment. (*Id.* at 8).

Respondent argues that Petitioner did not exhaust his administrative remedies with regard to the disciplinary hearings he received for Incident Nos. 3806328, 3934241, 3991690, and 3992396.  As a result, Respondent contends all of Petitioner's claims must be dismissed.  (Doc. 9, at 17-21).  Respondent also argues that Petitioner was properly afforded due process at all of his hearings, but does not address the merits of Ground Two. (Doc. 9, at 21-26).

## II.     Discussion

### A.     Petitioner Did Not Exhaust His Administrative Remedies As To His Claims Related to Four Disciplinary Hearings.

Respondent asserts that Petitioner did not exhaust his administrative remedies with regard to four disciplinary hearings related to Incident Nos. 3806328, 3934241, 3991690, and 3992396, all of which occurred at FCI El Reno.  (Doc. 9, at 17-21).  For the reasons set forth below, the undersigned agrees and further finds that Petitioner does not qualify for an exception to the exhaustion requirement.

Federal prisoners must exhaust the administrative remedies offered by the BOP before seeking § 2241 habeas relief.  *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). The exhaustion requirement applies when a habeas petitioner asserts his or her rights were

violated in a disciplinary proceeding. *See Olden v. English*, 681 F. App'x 688, 690 (10th Cir. 2017). The Tenth Circuit has stated,

> BOP regulations require a prisoner to attempt informal resolution of a complaint and, if that fails, to submit a formal request for an administrative remedy to the institution. If the inmate does not obtain a satisfactory resolution from the institution itself, he then may file a regional appeal followed by a national appeal.

*Garza,* 596 F.3d at 1204 (citing 28 C.F.R. §§ 542.13-15). But appeals of a disciplinary hearing officer skip the first two steps and are "submitted initially to the Regional Director." 28 C.F.R. § 542.14(d)(2). "A narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *Garza,* 596 F.3d at 1203. "In addition, '[w]here prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust.'" *Pinson v. Berkebile*, 601 F. App'x 611, 613 (10th Cir. 2015) (quoting *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010)).

Respondent presents a declaration from Katelyn Jackson, the Administrative Remedy Clerk for FCI El Reno. (Doc. 9, at Ex. 3, at 2). Ms. Jackson stated that "Petitioner has not exhausted his Administrative Remedies with respect to any Disciplinary Hearings conducted in FCI El Reno." (*Id.* at 4). She noted that Petitioner filed an "Administrative Remedy Appeal regarding the Disciplinary Hearing that occurred on September 12, 2023,"[4] but that the appeal was rejected as untimely. (*Id.* at 5).

---

[4] The hearing for Incident No. 3806328 took place on September 12, 2023. (Doc. 9, Ex. 1, at 20).

4

Petitioner admits in the Petition that he had not presented either Grounds One or Two in all appeals that were available to him.[5]  (Doc. 1, at 8).  But in an apparent effort to excuse his failure to exhaust, he asserted that "forms not available" and that "staff denied appeal assistance."  (*Id.*)  Those reasons are insufficient to excuse exhaustion, at least at the very general level of specificity alleged by Petitioner.

In *Pinson v. Berkebile*, the Tenth Circuit determined that a federal prisoner's attempt to exhaust administrative remedies can be impaired when a prison official refuses to provide a prisoner with an appropriate appeal form.  *See Pinson v. Berkebile*, 604 F. App'x 649, 655 (10th Cir. 2015).  But in *Pinson*, the petitioner provided examples of how an appeal form was unavailable – he filed an affidavit asserting that a specific prison staff member violated national policy by failing to provide him with a specific appeal form until after he received the disciplinary hearing officer report.  *Id.* at 654.  In contrast, here Petitioner provides only general statements about forms not being available or that staff denied appeal assistance.  He provides no details as to which forms he sought, when they were unavailable, or what he did as a result of their unavailability.  Likewise, Petitioner provides no details as to what type of assistance he sought in the administrative appeal process.

---

[5] Respondent does not move to dismiss on the basis that Petitioner failed to exhaust his claim related to Incident No. 3378055.  (Doc. 9 at 17, 21).  Respondent also does not address exhaustion related to Petitioner's claim in Ground Two that his recidivism level was raised prematurely prior to a disciplinary hearing.  Exhaustion is an affirmative defense, *Garza*, 596 F.3d at 1200, and it is the government's burden "to prove the affirmative defense of exhaustion."  *Acosta v. Daniels*, 589 F. App'x 870, 873 (10th Cir. 2014).

Respondent contends that Petitioner's statements are "belied by the fact that Petitioner has been able to file *several* administrative remedy requests and appeals throughout his incarceration." (Doc. 9, at 21) (emphasis in original). Indeed, Petitioner submitted ten administrative remedy requests or appeals during his incarceration. (*Id.* at Ex. 3, at 4). Four of the requests or appeals were made at FCI El Reno between January 2024 and February 2025. (*Id.* at 15-16). The disciplinary hearings occurred around that time in September 2023, May 2024, and September 2024. (Doc. 9, at 11, 13, 15, 16). Thus, Petitioner's statements do not appear meritorious. In response, Petitioner states that he has "tried every other remedy available" and that he has "been turned away, received no assistance, and/or been simply dismissed out of hand." (Doc. 10, at 1). This again is a general statement that does not provide the Court with any specifics as to difficulties Petitioner had in exhausting his remedies regarding his claims related to the four disciplinary hearings at FCI El Reno. Thus, Petitioner has not shown that the administrative remedies were unavailable to him.

**B.  Because the Petition Contains Exhausted and Unexhausted Claims, the Petition is a "Mixed Petition" and the Undersigned Recommends Dismissing the Entire Action Without Prejudice.**

Respondent argues that the presence of unexhausted claims requires the Court to dismiss this action without prejudice.[6] (Doc. 9, at 19). The undersigned agrees dismissal

---

[6] In support of this argument, Respondent cites *Ross v. City of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). (Doc. 9, at 19). In *Ross*, the Tenth Circuit held in a § 1983 action that "the PLRA contains a total exhaustion requirement" and that the "presence of unexhausted claims . . . required the district court to dismiss [the] action in its entirety without prejudice." 365 F.3d at 1189. But the Supreme Court later rejected a total exhaustion requirement for § 1983 cases. *Jones v. Bock*, 549 U.S. 199, 219-24 (2007).

6

is appropriate here because Petitioner presents claims that are unexhausted as well as claims that are either exhausted or deemed exhausted because Respondent did not raise exhaustion as an affirmative defense.[7] This creates a mixed petition, and the undersigned recommends dismissal on that basis.

A mixed petition is one that "contain[s] both exhausted and unexhausted claims." *Wood v. McCollum*, 833 F.3d 1272, 1273 (10th Cir. 2016). In *Rose v. Lundy*, the Supreme Court found that "a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief" and thus held – at least for § 2254 habeas petitions – that "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." 455 U.S. 509, 522 (1982). It determined that "a rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error." *Id.* at 518-19.

The Tenth Circuit has not squarely addressed whether the total exhaustion rule applies to habeas petitions brought under § 2241. *See Flores v. Nance*, 2012 WL 13081897, at *4 (D.N.M. July 11, 2012) (noting "the Tenth Circuit has previously declined to reach the question"). But when addressing exhaustion requirements generally in the § 2241 context, the court has acted as if the total exhaustion rule applies. *See Farris v.*

---

Nevertheless, the Court in *Jones* noted that there is a total exhaustion rule in habeas corpus. *Id.* at 221.

[7] The undersigned notes that Petitioner appears to have made two appeals related to Incident No. 3378055. (Doc. 9, at Ex. 3, at 13).

*Allbaugh*, 698 F. App'x 950, 957-58 (10th Cir. 2017) (noting – in *dicta* because none of the claims were exhausted – that a "partially exhausted petition" brought under § 2241 challenging the execution of a state sentence must be dismissed without prejudice unless the court can deny all of the claims for other procedural reasons or on the merits); *Abdulhaseeb v. Ward*, 173 F. App'x 658, 660 (10th Cir. 2006) (stating that "normally such mixed petitions should be dismissed without prejudice to refiling" in a § 2241 action brought by a state prisoner); *Verner v. Reno*, 1998 WL 792059, at *2 (10th Cir. 1998) (finding an exception to the total exhaustion rule where the respondent "did not raise the rule requiring dismissal of mixed petitions" to the district court). District courts have also applied the mixed petition rule to § 2241 claims. *Farley v. Oklahoma*, No. CIV-21-66-R, 2021 WL 4451433, at *3, *5 (W.D. Okla. Aug. 18, 2021) (dismissing petition as a mixed petition where it was unclear whether the petitioner's claims were brought under § 2254 or § 2241), *adopted*, 2021 WL 4450002 (W.D. Okla. Sept. 28, 2021); *Michalec v. Payne*, 2023 WL 1765236, at *2 (D. Kan. Feb. 3, 2023) (dismissing a § 2241 petition as mixed where Petitioner exhausted some, but not all, of his military remedies related to his court martial conviction). And the principles of comity – the stated basis in *Rose* for the application of the total exhaustion rule – apply to decisions of the BOP as well, as the Tenth Circuit has noted that the BOP is "in a superior position to investigate the facts" over the courts regarding sentence computation questions and because "by statute, responsibility for the computation of the service of a sentence is an administrative responsibility conferred upon the attorney general acting through the [BOP]." *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986). Thus, the undersigned finds that the rule against denying

some claims on the merits and denying others for exhaustion in a habeas petition applies to petitions brought under § 2241.

In the § 2254 context, the Tenth Circuit recently summarized the four options a district court has when faced with a mixed petition:

> First, a court may dismiss the petition in its entirety without prejudice and allow the petitioner "to return to state court to present the unexhausted claims to that court in the first instance." *Rhines v. Weber*, 544 U.S. 269, 274 (2005). Second, if it determines the petitioner had good cause for failing to exhaust her claims and that her claims are not "plainly meritless," the district court may avoid possible statute-of-limitations problems by staying and holding the federal petition in abeyance while the petitioner returns to state court to raise her unexhausted claims. *See id.* at 277. Third, a court may determine that the petitioner's unpursued state remedies would now be procedurally barred in state court and then "instead of dismissing the entire petition, the court can deem the unexhausted claims procedurally barred and address the properly exhausted claims." *Fontenot v. Crow*, 4 F.4th 982, 1019 (10th Cir. 2021). Fourth, a court may "ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit." *Fairchild* [*v. Workman*], 579 F.3d [1134,] 1156 [10th Cir. 2009] (internal quotation marks omitted); *see also* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

*Mars v. White*, 2025 WL 702813, at *2 (10th Cir. Mar. 5, 2025). The undersigned finds the first option – dismissal without prejudice – is the best option. The undersigned does not recommend the second option – a stay to allow Petitioner to exhaust – because Petitioner has not sought a stay and also because a § 2241 petition does not appear to be subject to the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) in the Ninth Circuit where Petitioner would raise his claims in a future § 2241 petition.[8] *See Reid v.*

---

[8] Petitioner is now housed at FCI Victorville Medium II, which is located in California. (Doc. 6).

9

*Shartle*, 2017 WL 3582309, at *10 (D. Ariz. Aug. 18, 2017) ("[T]here appears to be no statute of limitations applicable to § 2241 claims") (citing *White v. Lambert*, 370 F.3d 1002, 1008), *aff'd*, 744 F. App'x 468 (9th Cir. 2018).  The undersigned does not recommend the third option – finding the BOP remedies procedurally barred – because neither party addresses whether the remedies would be procedurally barred if Petitioner raised them now.  And the undersigned does not recommend the fourth option because while Respondent addresses the merits of the due process claims related to the disciplinary hearings, (Doc. 9, at 21-26), he does not address the merits of Ground Two.

Thus, for the reasons stated above, the Petition should be dismissed without prejudice because it is a mixed petition.

### III. Recommendation and Notice of Right to Object

For the foregoing reasons, it is recommended that the Court **DISMISS the Petition without prejudice**.  **Petitioner is advised of the right to file an objection to this Report and Recommendation with the Clerk of Court by February 6, 2026**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

ENTERED this 16th day of January, 2026.

                                                              _____
                                                              AMANDA L. MAXFIELD
                                                              UNITED STATES MAGISTRATE JUDGE